UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARRELL J. WOODS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-175-ACL |
| ) | |
| WESLEY FLUHARTY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Self-represented Plaintiff Darrell J. Woods, Sr. (Missouri inmate registration number 1057140) brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF Nos. 2. While incarcerated, Plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. As such, for the reasons discussed below, Plaintiff is subject to the three strikes rule, 28 U.S.C. § 1915(g). Accordingly, the Court will deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss Plaintiff's complaint without prejudice, subject to refiling as a fully paid complaint.

### **The Complaint**

Self-represented Plaintiff is a convicted and incarcerated Missouri state prisoner being held at Southeast Correctional Center (SECC) in Charleston, Missouri. ECF No. 1 at 2. Plaintiff brings this action under 42 U.S.C. § 1983, against eighteen (18) defendants employed at SECC. *Id.* at 2-6. Plaintiff alleges claims of conspiracy, failure to protect, retaliation, excessive use of force, and deprivation of clothing and bedding, in violation his First, Eighth, and Fourteenth Amendment rights. He also asserts state law tort claims. *Id.* at 7.

Plaintiff's long complaint makes a series of conclusory conspiracy allegations. First, Plaintiff alleges that some of the defendants conspired together to intentionally not include Plaintiff's name on the list of inmates to see the ad-seg committee in February 2022 and lied about his number of conduct violations to the ad-seg committee in November 2022, for the purpose of keeping Plaintiff in ad-seg and hindering his access to the law library and the courts. *Id.* at 9-15, 31-32. Plaintiff alleges that this constitutes imminent danger.[1] *Id.* at 23. Second, Plaintiff complains about being "free-cased," which he defines as receiving improper conduct violations based on false information. *Id.* at 13, 33-35. According to Plaintiff, he received a series of conduct violations that were dismissed and/or modified to less serious infractions.[2] *Id.* at 23. Third, Plaintiff asserts that "prison officials are warehousing offenders in the ad-seg unit because of the overcrowdedness" of SECC. *Id.* at 28-31, 33. Plaintiff argues that SECC needs "at least 150 prison guards" but only employs 80, making it severely understaffed and resulting in inmates staying longer in ad-seg. *Id.* at 30. Fourth, Plaintiff alleges that defendants conspired with other inmates to have Plaintiff assaulted. *Id.* at 36-39. Fifth, Plaintiff asserts that defendants conspired to hinder his grievance filings by unreasonably delaying his receipt of grievance forms "to allow evidence to fade" and to force "untimely filing" errors. *Id.* at 40-48.

Next, Plaintiff complains that supervisory defendants tolerated and/or encouraged the alleged conspiracies and as a result, they failed to protect Plaintiff. *Id.* at 49-50. In addition, between May and December 2022, Plaintiff alleges that defendants improperly confiscated some

---

[1] Furthermore, at the November 2022 committee meeting, Plaintiff's "demand" for a prison transfer based on "prison staff having created a hostile prison environment" by harassing him, was denied. Plaintiff alleges that defendants denied the transfer for the purpose of conspiring to keep him in SECC ad-seg. ECF No. 1 at 15-21. Similarly, he alleges defendants claimed that the "made up" ad-seg "program planning" was mandatory, not optional, in order to keep him in ad-seg. *Id.* at 24-28.

[2] Plaintiff admits that he raised this issue in a different case he previously filed in March 2021. *See Woods v. Eckenrode*, No. 6:21-cv-3077-BCW (W.D. Mo. filed Mar. 23, 2021) (dismissed under three strikes rule, 28 U.S.C. § 1915(g)), *aff'd*, No. 21-1905 (8th Cir. Aug. 11, 2021). The Court also notes that Plaintiff admitted on the 'Original Filing Form' that the claims raised in this suit are the same, or a substantial equivalent, to those raised in a previously filed case. *See* ECF No. 1-2.

of his clothing and bedding, and also denied him phone calls, in retaliation for filing grievances. *Id.* at 51-53, 55-56. Plaintiff further alleges that one defendant used excessive force on him in April 2022 when he bent Plaintiff's wrist back. *Id.* at 54. Plaintiff asserts multiple instances of alleged "harassment" from March 2021 to December 2022, including denial of outside recreation time, denied meals, and disturbance of his peace with the opening and closing of his cell window slider. *Id.* at 57-58.

As for injuries resulting from the alleged claims, Plaintiff states:

> In this case, Plaintiff did not sustain any injuries. This case, however, make[s] a series of transactions and occurrences to some previous lawsuits filed by Plaintiff in which Plaintiff did sustain injuries that required pain medication, and surgery.

*Id.* at 60. For relief, Plaintiff seeks injunctive relief including a prison transfer, and money damages. *Id.* at 61.

## Discussion

Plaintiff is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

3

A review of Pacer, the U.S. Court's online docketing system, reveals that Plaintiff has already had multiple cases dismissed under the three strikes rule. *See Woods v. Fuwell*, No. 1:21-cv-103-SNLJ (E.D. Mo. dismissed Sept. 29, 2021); *Woods v. Eckenrode*, No. 6:21-cv-3077-BCW (W.D. Mo. dismissed Mar. 25, 2021), *aff'd*, No. 21-1905 (8th Cir. Aug. 11, 2021); *Woods v. Fulghum*, No. 6:20-cv-3391-BP (W.D. Mo. dismissed Dec. 11, 2020).[3]

As a result, this Court is unable to permit Plaintiff to proceed *in forma pauperis* in this matter unless the "imminent danger" exception is applicable. 28 U.S.C. § 1915(g). Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins*, 258 F.3d at 800. This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*. A plaintiff must plead "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury;" conclusory assertions of ongoing danger are insufficient. *Martin*, 319 F.3d at 1050.

Here, despite Plaintiff's statement on the cover page of his complaint ("This civil action present with imminent danger"), there is no evidence to suggest that Plaintiff is currently under imminent danger of serious physical injury. Plaintiff's claims relate to past incidents of alleged harm. Plaintiff's conspiracy allegations are conclusory and unsupported with specific allegations of fact. Similarly, although Plaintiff alleges that defendants acted in retaliation, Plaintiff fails to

---

[3] These three strike dismissals were based on Plaintiff's multiple cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Woods v. Doe*, No. 6:19-cv-3091-BP (W.D. Mo. Feb. 28, 2019) (dismissed May 21, 2019 for failure to state a claim), *aff'd*, No. 19-2100 (8th Cir. Sept. 27, 2019); *Woods v. Boeckman*, No. 2:16-cv-4037-NKL (W.D. Mo. Jan. 22, 2016) (dismissed Apr. 28, 2016 for failure to state a claim); *Woods v. Todd*, No. 2:17-cv-4117-NKL (W.D. Mo. June 30, 2017) (dismissed Oct. 18, 2017 on initial screening).

present any specific allegations of fact indicating that he is currently in imminent danger of serious physical harm or that he otherwise faced such a danger on December 26, 2022, when he mailed his present complaint, or on December 29, 2022, when his complaint was filed. Plaintiff admits, and the Court agrees, that the claims raised in the instant complaint have been raised by Plaintiff is previously filed cases. Importantly, Plaintiff also admits that he has suffered no injuries.

Overall, nothing in the complaint (or Plaintiff's supplemental filing) constitutes nonconclusory, imminent danger of serious physical injury at the time of case filing. Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny Plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to Plaintiff refiling a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, subject to Plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 3rd day of February, 2023.

                                                STEPHEN N. LIMBAUGH, JR.
                                                SENIOR UNITED STATES DISTRICT JUDGE